No. 05-115

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 326N

_____

IN RE THE MARRIAGE OF

SUE ANNE TANNER WORKMAN,

      Petitioner and Appellant,

   v.

CLAYTON DALE WORKMAN,

      Respondent and Respondent.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and for the County of Missoula, Cause No. DR 2001-412
                    The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            Christopher Daly, Attorney at Law, Missoula, Montana

      For Respondent:

            Clayton Workman (pro se), Missoula, Montana

_____

               Submitted on Briefs:  November 22, 2005

                     Decided:  December 20, 2005

Filed:


_____
          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sue Workman (Sue) appeals from that portion of the amended findings of fact, conclusions of law, and decree of dissolution issued by the Fourth Judicial District Court, Missoula County, regarding the primary residential custody of the children with her husband, Clayton Dale Workman (Clayton). Sue's challenge focuses on the alleged deficiencies in the recommendations and report prepared by the guardian ad litem and the District Court in accepting the guardian ad litem's recommendations.

¶3 The parenting plan adopted by the District Court provides that Clayton should have primary residential custody of the children. The children should reside during the school year with Clayton while attending Potomac School. Sue retains visitation every other weekend, except January through March, during which she will have one weekend per month due to the dangers of traveling on the highway during these winter months. The parenting plan also grants Sue visitation the full three days of every other three-day legal holiday and one-half of all summer with the two younger children and summer visitation as requested by the oldest child.

¶4 We review decisions of a district court involving parenting issues under an abuse of discretion standard. *Czapranski v. Czapranski*, 2003 MT 14, ¶ 10, 314 Mont. 55, ¶ 10,

2

63 P.3d 499, ¶ 10. When reviewing the court's discretionary decision, we review its findings of fact and determine whether they are clearly erroneous. *In re Marriage of Fishbaugh*, 2002 MT 175, ¶ 19, 310 Mont. 519, ¶ 19, 52 P.3d 395, ¶ 19.

¶5 The briefs and the record presented indicate that settled Montana law controls the outcome and the District Court correctly applied this settled law. The District Court appointed a guardian ad litem as authorized under § 40-4-205, MCA, to represent the interests of the minor children in this proceeding. Nothing in the record indicates that the District Court abused its discretion in relying upon the recommendations of the guardian ad litem and in adopting these recommendations in its proposed findings of fact and conclusions of law. We affirm the District Court.

¶6 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART